IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASPER THORNTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv331-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by Jasper Thornton ("Thornton") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. For the reasons indicated below, the court concludes that the motion should be denied without an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts.*

**I. INTRODUCTION**

On June 9, 2010, Thornton pled guilty under a plea agreement to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] On March 25, 2011, the district court sentenced Thornton to 63 months in prison. Thornton filed an appeal, but then moved to voluntarily dismiss the appeal. On August 2, 2011, the Eleventh Circuit dismissed his appeal, noting that the dismissal was pursuant to his motion for voluntary dismissal.

On August 22, 2011, Thornton filed in this court a *pro se* motion seeking to have his

---

[1] The plea agreement provided that Thornton waived his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

federal and state sentences run concurrently. This court denied the motion on September 30, 2011.

On November 14, 2011, this court granted a motion filed by the Government to reduce Thornton's sentence under Fed. R. Crim. P. 35(b), reducing his sentence to 46 months in prison.[2]

On January 16, 2013, Thornton filed a *pro se* motion asking this court to order the Federal Bureau of Prisons ("BOP") to credit time that he served in jail on a state sentence against his federal sentence. That motion was denied on February 7, 2013.

On May 17, 2013, Thornton filed the instant § 2255 motion arguing that he is entitled to a 17-month credit against his federal sentence for time that he served in state custody. Doc. No. 1. According to Thornton, he is entitled to the credit because his federal conviction arose from conduct underlying his state incarceration and because the conduct was deemed relevant conduct by this court at his sentencing. *Id*. at 2-4.

The Government answers that Thornton's § 2255 motion was filed after expiration of the one-year limitation period and is therefore time-barred, that Thornton waived his right to seek collateral review of his sentence under the terms of his plea agreement, that Thornton's substantive argument is without merit, and that the relief requested by Thornton is not available from this court through a § 2255 motion and is instead a matter within the

---

[2] Rule 35(b) permits a district court, upon the Government's motion, to reduce a sentence to reflect a defendant's substantial assistance rendered after the entry of judgment. Fed. R. Crim. P. 35(b).

2

purview of the BOP.  *See* Doc. No. 6.

## II.  DISCUSSION

### A.     General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations omitted).

### B.     One-year Limitation Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for filing § 2255 motions.  *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).  Specifically, § 2255(f) provides that the one-year limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Thornton was convicted pursuant to a guilty plea entered on June 9, 2010, and he was sentenced to 63 months in prison on March 25, 2011.  Although he filed a direct appeal, he moved to voluntarily dismiss the appeal, and, pursuant to that motion, the appeal was dismissed by the Eleventh Circuit on August 2, 2011.

According to the Eleventh Circuit,"[a] conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."  *Akins v. United States*, 204 F.3d 1086 , 1089 n.1 (11th Cir. 2000).  While there is some question whether a judgment of conviction becomes final for purposes of the AEDPA on the date the court of appeals grants a voluntary dismissal of a direct appeal, or does not become final until expiration of the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court, *see, e.g.*, *McGee v. United States*, 2013 WL 3096825, at *5-7 (S.D. Ga. Jun. 18, 2013); Sup. Ct. R. 13, this court errs on the side of caution in finding that Thornton's judgment of conviction became final 90 days after the Eleventh Circuit's August

2, 2011, grant of the voluntary dismissal of his direct appeal; that is, the judgment of conviction became final on October 31, 2011. Therefore, barring any tolling, the one-year limitation period for Thornton to file a § 2255 motion expired on October 31, 2012.[3] *See* 28 U.S.C. § 2255(f)(1). His § 2255 motion, however, was not filed until May 17, 2013.

The provisions of § 2255(f)(2) - (4) do not provide safe harbor for Thornton such that the federal limitation period commenced on some date later than October 31, 2011. There is no evidence that any unconstitutional or illegal governmental action impeded Thornton from filing a timely § 2255 motion. *See* 28 U.S.C. § 2255(f)(2). Thornton presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2255(f)(4). Thornton has outlined no reason to suppose that § 2255(f) (2), (3), or (4) applies here.

The limitation period "may be equitably tolled" on grounds apart from those specified in the AEDPA "when a movant untimely files because of extraordinary circumstances that

---

[3] Although this court granted the Government's motion to reduce Thornton's sentence under Fed. R. Crim. P. 35(b) on November 14, 2011, and reduced his previously imposed sentence of 63 months in prison to 46 months in prison, a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the "finality" of a defendant's "judgment of conviction" and does not alter the "date on which the judgment of conviction becomes final" for the purposes of the limitation period in § 2255(f). *Murphy v. United States*, 634 F.3d 1303, 1308-09 (11th Cir. 2011); *see also, e.g.*, *United States v. Sanders*, 247 F.3d 139, 142-44 (4th Cir. 2001).

are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Florida*, 560 U.S. 631 (2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  Thornton fails to set forth any facts to demonstrate extraordinary circumstances or his exercise of due diligence to warrant equitable tolling in his case.

Under the circumstances set forth above, the one-year limitation period of 28 U.S.C. § 2255(f) expired on October 31, 2012.  Because Thornton did not file his § 2255 motion until May 17, 2013, his motion is time-barred, as the Government correctly argues.

## C.    Waiver Provision in Plea Agreement

The Government also correctly argues (*see* Doc. No. 6 at 9-10) that Thornton waived his right to seek collateral review of his sentence under the terms of his plea agreement, which contained a waiver provision whereby Thornton waived his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  *See* Gov. Ex. C at 6.

An appeal waiver or collateral-attack waiver is valid if a defendant enters into it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).  To enforce such a

6

waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

There is nothing in the record indicating that the waiver in Thornton's case was anything but knowing and voluntary. At the sentencing hearing, the prosecutor specifically referenced the terms of the waiver provision in the plea agreement, and neither Thornton nor his counsel  indicated that the prosecutor's recitation of those terms in open court was inaccurate. *See* Gov. Ex. D at 5-6. Further, the written plea agreement contained Thornton's signature under language acknowledging that he had read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations that had been made to him and all the terms that had been reached. *See* Gov. Ex. C. at 13. Thornton does not demonstrate – or even allege – that he did not understand the consequences of the waiver provision. Under these circumstances, the court finds that he understood the full significance of the waiver and that his assent to the waiver was knowing and voluntary. Consequently, his attempt to seek collateral review of his sentence is barred by the waiver provision in the plea agreement (as well as being untimely, as noted above).

**D.      Calculation of Jail Credit**

To the extent Thornton's § 2255 motion is a request that this court order the BOP to

award him certain jail credit for time served in state custody, the court observes that the Attorney General, acting through the BOP (and not this court), is responsible for computing any sentencing credits available to Thornton. *See United States v. Buckhault*, 2009 WL 385584, at *1 (S.D. Ala. Feb. 12, 2009) (noting that the "Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to determine whether a defendant should receive credit for time spent in custody"). Such relief, if requested by Thornton, is not available from this court through a § 2255 motion and is instead a matter within the purview of the BOP. If Thornton is dissatisfied with the BOP's calculation of his jail credit and release date, he should first seek relief through the BOP's administrate remedy process, and if he remains dissatisfied once that process is fully exhausted, he may file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the federal district court in the jurisdiction where he is incarcerated. *See Buckhault*, 2009 WL 385584, at *1.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Thornton be DENIED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 24, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of April, 2015.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE